IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRACY GLENN JACKSON,

                Petitioner,

      v.                              CASE NO. 05-3100-RDR

E.J. GALLEGOS,

                Respondent.

## MEMORANDUM AND ORDER

This petition for writ of habeas corpus, 28 U.S.C. 2241, was filed upon payment of the fee, while petitioner was an inmate of the United States Penitentiary, Leavenworth, Kansas. Petitioner is serving a sentence of 85 months imposed in February, 2001[1], upon his convictions in the United States District Court for the District of North Carolina for Robbery of Money from the United States. Petitioner challenges the calculation of his good conduct time (GCT) by the Bureau of Prisons (BOP).

In his habeas petition, Jackson asserts that the BOP is not complying with 18 U.S.C. 3624(b) in computing his sentence, in that he is not receiving 54[2] days of GCT for each year of his 85-month sentence. He claims entitlement to this credit under the "plain language" of Section 3624(b). An order to show cause issued, respondent filed an Answer and Return, and petitioner has

---

[1] Petitioner's offense was committed on May 11, 2000.

[2] In his administrative grievance, petitioner alleged he was receiving 47 days of credit per year rather than 54 days, under the method employed by the BOP.

filed a Traverse.

Petitioner alleges his projected release date should be May 31, 2006, rather than July 15, 2006, as the BOP has calculated. The gist of petitioner's argument is that "Congress had the unambiguous intent to define the phrase 'term of imprisonment' in 18 U.S.C. 3624(b) "to mean 'sentence imposed'," and the BOP "does not have the authority to promulgate a regulation that uses 'time served'" instead. The response to petitioner's National appeal of his administrative grievance attached to the Petition [(Doc. 1) pg. 11], and the Answer and Return (Doc. 7) set forth how the BOP has calculated his sentence credit in accordance with their interpretation of Section 3624(b) contained in 28 CFR 523.20 and its Program Statement 5880.28.

As legal authority for his claim petitioner attaches to his Petition White v. Scibana, 314 F.Supp.2d 834 (W.D. Wisc. 2004). This district court opinion was reversed in White v. Scibana, 390 F.3d 997 (7th Cir. 2004), cert. denied, ___U.S.___, 125 S.Ct. 2921 (2005). Moreover, this court has previously considered the precise claim raised by petitioner in Thompson v. Gallegos, 2005 WL 2403822 (D.Kan., Sept. 29, 2005, unpublished) and found it to be without legal merit. In Thompson, this court rejected petitioner's legal argument and adopted the position of the Seventh Circuit Court of Appeals in White. For the reasons stated in Thompson v. Gallegos, which the court attaches hereto

and incorporates herein, this court concludes that the BOP's interpretation and implementation of 18 U.S.C. 3624(b) in calculating petitioner's sentence is entitled to deference and was lawful, and petitioner has not stated a claim for federal habeas corpus relief.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief denied.

DATED:  This 26th day of May, 2006, at Topeka, Kansas.


                                    s/RICHARD D. ROGERS
                                    United States District Judge